IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Jerod E. Fraierson, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12cv882 (LO/TCB) |
| | ) | |
| Harold W. Clarke, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Jerod E. Fraierson, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of drug offenses in the Circuit Court of New Kent County. On October 22, 2012, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief. Fraierson was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a reply. For the following reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

**I. Background**

On January 11, 2010, Fraierson was convicted following a jury trial of four counts of distributing cocaine as a second or subsequent offense, and one count of causing a child to assist in the distribution of cocaine. Case Nos. CR09-76(01), CR09-67(03), CR09-67(04), CR09-67(06), and CR09-103(00). Additional charges of conspiracy to distribute cocaine were *nolle prosequi*. By Order entered January 14, 2010, Fraierson received a total sentence of thirty (30) years incarceration.

Fraierson's convictions were affirmed by the Virginia Court of Appeals in a unpublished

1

opinion dated July 28, 2010. It reflects the following underlying facts:

> From January to June, 2009, a multi-jurisdictional task force of law enforcement officers was targeting drug sales in New Kent County. Steven Wilkerson worked as a paid undercover informant to make undercover drug purchases, which were videotaped and recorded using surveillance equipment hidden in Wilkerson's car and on his person. Wilkerson cooperated with the police to avoid a charge of driving on a suspended license. The police paid Wilkerson $100 for each drug transaction with which appellant was later charged.
>
> Police officers met Wilkerson at 7:00 p.m. on April 17, 2009. The officers searched Wilkerson and his vehicle and found nothing illegal. Wilkerson placed a call to Leon Bowman. Wilkerson arranged to meet a person known as 'Black' and purchase sixty dollars worth of cocaine. Wilkerson drove to Adams Sportsmart, the agreed meeting location. Wilkerson got out of his car and approached the driver's side of a Chevrolet Tahoe. Darnell Bowers was driving the vehicle, and appellant, who was the person known as 'Black,' was in the front passenger seat. Wilkerson testified that he gave Bowers the money and received cocaine in return. The cocaine was inside a piece of paper with 'Black' written on it, as well as the number 852-4969. Appellant said Wilkerson could contact him at that number.
>
> Wilkerson drove immediately to a meeting location with the police. Wilkerson gave the police the cocaine he had purchased, which totaled 0.47 gram.
>
> The police followed the same procedure with Wilkerson at 4:20 p.m. on April 20, 2009, and a purchase of forty dollars worth of cocaine from 'Black' was arranged. Wilkerson placed a call to (804) 852-4969 to set up the deal. Wilkerson drove to a McDonald's in Bottoms Bridge. When a burgundy Tahoe arrived, Wilkerson got out of his car and approached the driver's side of the Tahoe. Curt Harris, a juvenile whom the police knew, was driving the vehicle. Appellant was the front seat passenger. Wilkerson testified he gave forty dollars to Harris and appellant gave him cocaine. Wilkerson met the police immediately after the transaction and turned over cocaine weighing 0.34 gram.
>
> The police met Wilkerson again on April 29, 2009, at 5:09 p.m. After Wilkerson was searched, he placed a call to (804) 852-4969 and arranged to purchase sixty dollars worth of cocaine from 'Black' at the Bottoms Bridge McDonald's. The police observed the burgundy

Tahoe arrive at the agreed location. Wilkerson approached the passenger side of the vehicle. Wilkerson gave money to the driver of the vehicle, and appellant, who was the front seat passenger, passed cocaine to Wilkerson. Wilkerson gave the police the cocaine he purchased, which amounted to 0.39 gram.

The police stopped the burgundy Tahoe for a suspected equipment violation after it left the McDonald's parking lot. Darnell Bowers was driving the vehicle and appellant was the front seat passenger. Neither Bowers nor appellant was arrested on that occasion.

On May 27, 2009, the police met Wilkerson at 1:00 p.m. He made a call to (804) 852-4969 and arranged to purchase $100 worth of cocaine. The transaction was to occur at the Bottoms Bridge McDonald's. Appellant arrived at the location in a Mitsubishi driven by a woman. Wilkerson approached the vehicle and gave $100 to appellant. Appellant gave cocaine to Wilkerson. After the transaction, Wilkerson gave the police the cocaine he had purchased, which weighed 0.56 gram.

The police stopped the vehicle after it left the McDonald's. Shanobia Hudson was driving, and applleant was in the passenger seat. A fourteen-month-old child was in the back area of the car. The police recovered from Hudson the $100 bill they had given to Wilkerson to make the drug purchase. The number of the cellular telephone found in appellant's possession was (804) 852-4969.

After his arrest, appellant was seated beside Marcus Coles and Damian Temple as they all waited to appear before the magistrate. Appellant commented to Coles and Temple, 'I will not get caught. I don't hand the drugs directly to the crackhead. I gave them to somebody else.'

Hudson testified that she gave appellant a ride to the Bottoms Bridge McDonald's on May 27, 2009. She stated that when they arrived at the location, an individual reached in the car and gave appellant money. Hudson saw applleant put his hand out the window. Once they had driven away, appellant gave her the money and told her to hold it. After the incident, Hudson was charged with endangering a child because her son had been in the car at the time of the drug transaction.

Bowers testified he used his girlfriend's car to drive applleant to

> Adams Sportsmart and meet Wilkerson on April 17, 2009. Wilkerson
> threw money into the vehicle, and appellant gave him something in
> return. On April 29, 2009, Bowers drove appellant to New Kent,
> although Bowers could not remember their exact destination. Bowers
> pleaded guilty to drug charges relating to the April 17 and April 29,
> 2009 events, and he agreed to testify against appellant.
>
> At trial, the Commonwealth played recordings of the events the
> police officers, Wilkerson, and the other witnesses had described.
> The recording equipment malfunctioned on May 27, 2009, however,
> and it did not record Wilkerson's actual purchase of cocaine.
>
> Testifying in his own behalf, applleant said he never received money
> from Wilkerson and gave him drugs. He claimed he was simply a
> passenger in the vehicle at the time the transactions occurred.
> Appellant denied making a statement while he was waiting to appear
> before the magistrate. Appellant admitted having a prior felony
> conviction.

Fraierson v. Commonwealth, R. No. 0203-10-2 (Va. Ct. App. July 28, 2010).

On direct appeal, Fraierson challenged the sufficiency of the evidence to sustain his convictions. His petition for appeal was denied on July 28, 2010, id., and his subsequent request for panel consideration was denied on October 5, 2010. The Supreme Court of Virginia also refused Fraierson's petition for a second-tier appeal. Fraierson v. Commonwealth, R. No. 102092 (Va. Apr. 8, 2011).

On February 21, 2012, Fraierson filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia, raising 14 claims for relief. After the Commonwealth responded, the petition was dismissed on June 21, 2012. Fraierson v. Dir., Dep't of Corrections, R. No. 120317 (Va. June 21, 2012). Fraierson then turned to the federal forum and timely filed the instant § 2254 petition on August 1, 2012.[1] Fraierson reiterates the same claims he raised in his

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Fraierson executed his habeas application on

4

habeas application to the Supreme Court of Virginia, as follow:

1. The Commonwealth failed to prove every element of his April 17, 2009 distribution charge.

2.. The Commonwealth failed to prove every element of his April 20, 2009 distribution charge.

3. The Commonwealth failed to prove every element of his April 29, 2009 distribution charge.

4. The Commonwealth failed to prove every element of his May 27, 2009 distribution charge.

5. The Commonwealth failed to prove every element of his April 20, 2009 charge of causing a minor to assist in the distribution of cocaine.

6. Counsel provided ineffective assistance by failing to file pretrial motions to seek severance of the misjoined charges.

7. Counsel provided ineffective assistance by failing to file a pretrial motion to suppress the videotape of the April 17, 2009 distribution offense.

8. Counsel provided ineffective assistance by failing to file a pretrial motion to suppress the videotape of the April 20, 2009 distribution offense.

9. Counsel provided ineffective assistance by failing to file a pretrial motion to suppress the videotape of the April 29, 2009 distribution offense.

10. Counsel provided ineffective assistance by failing to file a pretrial motion to suppress the videotape of the May 27, 2009 distribution offense.

11. The prosecutor made improper and prejudicial remarks in closing argument.

---

August 1, 2012, Pet. at 15, and it is assumed that he placed it in the prison mailing system that same day. The petition was date-stamped as received by the Clerk on August 6, 2012. Pet. at 1.

12. The prosecutor knowingly used false evidence to obtain the convictions.

13. Counsel rendered ineffective assistance by failing to object to the prosecutor's improper and prejudicial closing argument and use of false evidence.

14. Counsel was ineffective for failing timely to move for a reduction in his sentence.

Respondent has filed a Motion to Dismiss and Rule 5 Answer, and petitioner has replied. Respondent concedes that Fraierson has exhausted available state court remedies as to his claims.[2] Accordingly, the matter is now ripe for review.

## II. Procedural Default

When the claims of prosecutorial misconduct Fraierson raises here as claims 11 and 12 were presented to the Supreme Court of Virginia, that Court determined that because they were non-jurisdictional issues that could have been raised at trial and on direct appeal, they were not cognizable on habeas review pursuant to Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (Va. 1974), cert. denied, 419 U.S. 1108 (1975). See Fraierson v. Dir., slip op. at 3. Where a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845

---

[2]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, claims 11 and 12 also are procedurally defaulted from federal review.

Federal courts may not review procedurally barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his reply to respondent's invocation of the procedural bar defense, Fraierson cites law that is pertinent in § 2255 proceedings, and argues that an evidentiary hearing is required to determine whether counsel's alleged ineffectiveness constituted cause for the procedural default of claims 11 and 12. To the extent that petitioner suggests that an evidentiary hearing is warranted or even permissible in this § 2254 action, he is mistaken. See Cullen v. Pinholster, __

7

U.S. __, 131 S.Ct. 1388 (April 4, 2011). And to the extent that petitioner argues that the ineffective assistance he allegedly received with respect to the prosecutor's actions should excuse the default of claims 11 and 12, his argument is identical in substance to claim 13. As will be discussed in sequence below, that claim was determined to be without merit by the Supreme Court of Virginia. Accordingly, it cannot serve as cause for the procedural default of claims 11 and 12, which consequently are barred from federal consideration on the merits.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims

themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

### A. Claims One Through Four

In the first four claims of this petition, Fraierson argues that the evidence was insufficient to sustain his convictions of four instances of distribution of cocaine. When he raised this same argument on direct appeal, the Court of Appeals found it to be without merit, as follows:

> Appellant contends the Commonwealth's evidence regarding the four transactions was inconsistent and unworthy of belief. [FN 1] However, the jury accepted the Commonwealth's evidence and rejected appellant's testimony. 'The credibility of witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.' Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). 'In its role of judging witness credibility, the fact-finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.' Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E. 2d 233, 235 (1998). Moreover, the trial court was permitted to consider appellant's prior felony convictions in assessing his credibility. See Code § 19.2-269.
>
> Wilkerson's testimony regarding the four drug transactions was corroborated by the testimony of police officers and other witnesses, as well as the recordings of the events. Considered as a whole, the evidence was sufficient to prove beyond a reasonable doubt that appellant was guilty of four counts of distributing cocaine.
>
> FN 1: Appellant also asserts the evidence was insufficient to prove he possessed cocaine. Appellant did not raise this argument in the trial court. 'The Court of Appeals will not consider an argument on appeal which was not presented in th trial court.' Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

9

Fraierson v. Comm., slip op. at 4 - 5. Because the foregoing order was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, for the reasons expressed in the Court of Appeals' opinion, it is apparent that a rational trier of fact could have found Fraierson guilty beyond a reasonable doubt of the four counts of distribution of cocaine with which he was charged. See Jackson, 443 U.S. at 319. Therefore, claims one through four of this petition warrant no federal relief.

B. Claim Five

In his fifth claim, Fraierson contends that the evidence was insufficient to sustain his conviction of causing a minor to assist in the distribution of cocaine, because the

Commonwealth failed to prove every element of the offense. The Court of Appeals of Virginia rejected this argument on the following holding:

> Appellant contends the evidence was insufficient to support his conviction of causing a juvenile to assist in drug distribution, in violation of Code § 18.2-255(A)(ii). Harris [the juvenile] testified appellant did not encourage or cause him to sell drugs. However, the Commonwealth's evidence proved Wilkerson contacted appellant by telephone and set up a drug deal. Harris then drove appellant to the agreed location. Wilkerson testified that Harris participated in the transaction by collecting the money. In light of these facts and circumstances, the evidence was sufficient to prove beyond a reasonable doubt that appellant was guilty of violating Code § 18.2-255(A)(ii).

Fraierson v. Comm., slip op. at 5. Again, for the reasons cited by the Court of Appeals, it is apparent that a rational trier of fact could have found Fraierson guilty beyond a reasonable doubt of causing a minor to assist in distributing cocaine. See Jackson, 443 U.S. at 319. Therefore, claim five of this petition is without merit.

C. Claim Six

In the sixth claim of his federal petition, Fraierson argues that he received ineffective assistance of counsel because his attorney failed to file pretrial motions to sever after the charges were misjoined. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When Fraierson raised the claim under discussion in his state application for habeas corpus relief, the Supreme Court of Virginia denied relief on the following holding:

> In claim (6), petitioner alleges he was denied the effective assistance of counsel because counsel failed to file a pre-trial motion for misjoinder and severance of the charges.
>
> The Court holds that claim (6) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 4766 U.S. 668, 687 (1984). The record, including the

> trial transcripts, demonstrates that petitioner's distribution offenses were part of a common scheme or plan to distribute cocaine and, therefore, were properly tried together. See Rules 3A: 10(c) and Rule 3A:6. Furthermore, prior to trial, petitioner never requested that his charges be tried separately and he represented that he had discussed his defenses with counsel, he had no questions and he was satisfied with the services of counsel. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Fraierson v. Dir., slip op. at 2.

The risk created by misjoinder is that a jury may confuse the evidence and return a conviction against a defendant on a charge on which it would have acquitted had the evidence been segregated. Zafiro v. United States, 506 U.S. 534, 539 (1993). Therefore, to show prejudice resulting from misjoinder, a defendant must demonstrate that there is a reasonable probability that the jury confused evidence and convicted him of an offense for which he otherwise would have been acquitted. See id. at 540; see also, Walker v. True, 67 Fed. App'x 758, 764-65 (4th Cir.), vacated on other grounds, 540 U.S. 1013 (2003) (rejecting the argument that a single trial for predicate murder and capital murder constituted misjoinder). In this case, as the Supreme Court of Virginia found, no such probability existed because the distribution offenses were part of a common scheme or plan. Consequently, the Court's denial of relief on the claim that counsel rendered ineffective assistance by failing to move for severance was based on a reasonable determination of the facts and was not contrary to or an unreasonable application of the principles of Strickland, supra, so the same result must pertain here. Williams, 529 U.S. at 412-13.

D. Claims Seven through Ten

In his next four claims, Fraierson alleges that counsel provided ineffective assistance by

13

failing to file a pretrial motion to suppress the videotape evidence of the distribution offenses because the informant was paid to participate in the transactions and the police allowed him to drive to and from the locations where they occurred on a suspended driver's license. The Supreme Court of Virginia found no merit to this argument for the following reasons:

> In claims (7) - (10), petitioner alleges he was denied the effective assistance of counsel because counsel failed to file a timely motion to suppress the illegally obtained video and cocaine evidence of April 17, 2009, April 20, 2009, April 29, 2009 and May 27, 2009. Petitioner contends that the evidence should have been suppressed because the informant used by the police to conduct the controlled buys was a paid informant and because the police allowed the informant to drive to the buy locations even though the police were aware that the informant's driver's license had been suspended.
>
> The Court holds that claims (7) - (10) satisfy neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner has proffered no valid legal basis upon which he contends counsel should have moved to suppress the evidence, or upon which such a motion would have been granted. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Fraierson v. Dir., slip op. at 2 - 3. For the reasons expressed by the state court, petitioner in claims 7 through 10 fails to demonstrate either that counsel's performance was deficient or that but for the error alleged, he would have been acquitted. Therefore, since the state courts' denial of relief on those claims was based on a reasonable determination of the facts and was not contrary to or an unreasonable application of the principles of Strickland, supra, the claims likewise must be rejected here. Williams, 529 U.S. at 412-13.

E. Claim Thirteen

In claim thirteen, Fraierson contends that counsel rendered ineffective assistance by failing to object to the prosecutor's improper and prejudicial closing argument and use of false evidence. The Supreme Court of Virginia found that this argument warranted no relief, as

follows:

> The Court holds that claim (13) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcript, demonstrates that the prosecutor's argument concerning petitioner's cell phone was fairly based on evidence presented at trial that when petitioner was arrested he had a cell phone on his person. The cell phone number matched that of the phone the informant called to set up the buys. In addition, the prosecutor did not improperly offer his opinion as to petitioner's guilt or the veracity of the witnesses. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Fraierson v. Dir., slip op. at 4. For the reasons explained in the foregoing opinion, the record reveals no impropriety in the prosecutor's closing argument. Therefore, the Court's conclusion that habeas relief was not warranted on that basis was both factually reasonable and in accord with the controlling precedent of Strickland, supra, so that result must be allowed to stand. Williams, 529 U.S. at 412-13.

F. Claim Fourteen

In his fourteenth claim, Fraierson charges counsel with providing ineffective assistance by failing timely to move for a reduction in his sentence. The Supreme Court of Virginia disagreed, as follows:

> In claim (14), petitioner alleges he was denied the effective assistance of counsel because counsel failed to timely move for a reduction of sentence. Petitioner contends his 30 years sentence does not 'fit the crime' because the total amount of cocaine involved was only 1.777 grams. Petitioner argues also that counsel should have consulted with petitioner regarding an appeal of the sentence.
>
> The Court holds that claim (14) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcript, demonstrates that counsel argued to the jury that the four transactions involved a minimal

15

amount of cocaine, and the jury imposed the minimum sentence permitted. Counsel again argued at sentencing that the court should consider suspending a portion of the sentence, an argument the court rejected based upon petitioner's attitude, lack of remorse, belief that he could 'beat the system,' and prior criminal record. Petitioner proffers no valid legal basis upon which he contends counsel should have moved to reduce the sentence. Furthermore, the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel' alleged errors, the result of the proceeding would have been different.

Fraierson v. Dir., slip op. at 4 - 5. Because the foregoing holding was based on a reasonable determination of the facts and was not contrary to or an unreasonable application of the principles of Strickland, supra, claim fourteen of this petition warrants no federal relief. Williams, 529 U.S. at 412-13.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for a writ of habeas corpus will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 4th day of December 2012.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

16